J. W. GILL, ET AL. *v.* R. DEWITT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—588, 595, 605.]

**Parol Proof of Lost Deed.**

When evidence is given showing that a person has sold and con-
veyed his interest in real estate, parol evidence is admissible to show
that the deed is lost, and the contents of such lost instrument may
be established by such evidence.

**Possession of Joint Tenants.**

Each joint tenant in real estate has a share in every part of the
entire property.   The statute of limitations, therefore, does not run
against one joint tenant unless there be an actual ouster and adverse
holding.   But if one tenant openly denies the title of his cotenant,
and is in possession of and claims the entire property himself by
deed, then the holding is adverse.

APPEAL FROM TAYLOR CIRCUIT COURT.

February 23, 1886.

OPINION BY JUDGE HOLT:

Walker Gill died intestate in 1860, the owner of one hundred
sixty-five acres of land and leaving nine children, one of whom
died intestate and unmarried.   This action was brought on Janu-
ary 8, 1884, by his son, John W. Gill, and Laura Sanders, the lat-
ter being the only child of another son, W. J. Gill, deceased, to re-
cover each the undivided one-eighth of the land.   Their right to it
is resisted upon the ground that the said two sons had years before
sold, and conveyed their interest in the land to their mother, and
that the appellees, who claim that title to it through her, had, either
by themselves or those through whom they claim, been in the actual

60

possession of it, claiming it as their own, for more than fifteen years before the bringing of this suit. The testimony shows that the father of the appellant, Laura Sanders, left this state and that nothing had been heard or known of him for about nine years before the bringing of this action. It follows that the child may maintain it as his heir, if the alleged adverse possession does not bar a recovery by her and if at his death, which is to be inferred, he in fact owned any interest in the land.

It is urged that a judgment should have been rendered pro confesso against the appellee, Hedspeth, as he failed to answer. It is admitted, however, that he is the owner of an undivided one-eighth of the land. The petition so alleges; and as his right and the extent of his interest is undisputed, even by the appellants, no necessity existed for an answer from him.

There is evidence strongly to show that the two sons in 1867 or 1868 sold their interest in the land to their mother, Mary Gill, now Mary Nelson, and that she paid them for it. One of them became of age on April 16, 1866, and the other on December 13, 1867; and the testimony is conflicting whether the latter was of age when the deed was made or whether any was in fact ever made. It is certain that it was never recorded. The testimony, however, which tends to show its existence also shows its loss; and as it was never in the possession or under the control of the appellees it was competent under these circumstances for them to prove its former existence by parol. The petition alleges that the two sons had never parted with their interest in the land. This is denied by the answer, which also affirmatively alleges that they had sold it. In order to show by parol that they had conveyed it, it was not necessary to plead in so many words that they had made a deed to it; nor was it necessary to allege its loss, but that they had done so could be shown otherwise than by the writing itself after accounting for its absence. The testimony of John W. Gill is in direct conflict with that of his mother, and each is to some extent supported by other testimony.

Under these circumstances we must look for some admitted or clearly proved controlling circumstances as a guide to a conclusion. In 1868 the two interests were sold at a decretal sale for the debt of the mother, and subsequently they were owned by several persons before the appellee, Dewitt, became the owner. The lapse of

time, sixteen years or more, without any assertion of claim by the appellants or by W. J. Gill, deceased, during which time the interests were being repeatedly sold from one to another, is a convincing circumstance that the two sons had in fact sold their interests; and that this was done by W. J. Gill when of age.

The appellants, however, can not succeed for another reason. It is true that each joint tenant has a share in every part of the entire property, and in legal estimation the possession of all. The statute, therefore, does not run one against the other unless there be an actual ouster and adverse holding. But if one tenant openly denies the title of his cotenant, and is in possession of and claims the entire property himself by deed, then the holding is certainly adverse. The two interests in dispute were claimed by and in the possession of Mrs. Nelson; they were sold at a commissioner's sale in 1868; and thenceforth were held and claimed by virtue of the title thus acquired. The holding in this way for a period of over fifteen years before the bringing of this action was adverse, and constitutes a bar to the prosecution of the action even if the land had not been sold by the two sons to their mother. It was unnecessary to again deny the statement in the reply: "Defendants having taken possession of said land as tenants in common with plaintiffs have no right to interpose the statute of limitation," because this had been already alleged in the petition and denied in the answer.

Judgment *affirmed.*

*Young & Montague,* for appellants.

*Patterson & Purgear,* for appellees.

[Cited, *Godsey v. Standifer,* 31 Ky. L. 47, 101 S. W. 921.]